1

2

3

4

5

6

UNITED STATES DISTRICT COURT

7

DISTRICT OF ARIZONA

8

9 | Christopher R. Bush, Rafael E. Andrade, | CASE NO. 2:15-cv-00536-DJH
Dallas A. Germundson, Garret P. Decker,

10 | Anton R.J. Beltran, Caryn R. Gangi,
Samuel D. Untalasco, and Thomas B. | **ORDER APPROVING PLAINTIFFS'**

11 | Brown, individually, and on behalf of all | **FLSA COLLECTIVE ACTION**
others similarly situated, | **SETTLEMENT**

12

13 |        Plaintiffs,
   vs.

14 | Globaltranz Enterprises, Inc., Andrew J.
Leto, and Michael Leto,

15

16 |       Defendants.

17      Having considered the Plaintiffs' Motion for Approval of FLSA Collective Action

18 Settlement and Memorandum of Points and Authorities in Support (Doc. 82), Plaintiffs'

19 Notice of Filing Supplemental Documents (Doc. 85), the arguments contained therein,

20 and the law, and there being no opposition thereto (Doc. 82 at 2:15), **THE COURT**

21 **HEREBY GRANTS** said Motion (Doc. 82) and further enters this Settlement Approval

22 Order.  **The Court FINDS, CONCLUDES, and ORDERS as follows:[1]**

23 **I.**    <u>**NATURE OF ACTION**</u>

24      Plaintiffs allege that GlobalTranz misclassified them and the Opt-Ins as exempt

25 from overtime under the FLSA, 29 U.S.C. § 201, et seq. and, on that basis, failed to pay

26

27      [1] Except as otherwise specified herein, the Court for purposes of this Settlement
Approval Order adopts all defined terms set forth in the Settlement.

-1-

them and the Opt-Ins overtime wages.

GlobalTranz denies each of the allegations in the First Amended Complaint and denies that any Plaintiff or Opt-In is entitled to recovery. GlobalTranz also denies that this action may be properly maintained as a collective action under the FLSA.

## II.   JURISDICTION

This Court has jurisdiction over the subject matter of this litigation and all related matters and all state and federal claims raised in this action and/or released in the Settlement, and personal jurisdiction over GlobalTranz and all Plaintiffs and Opt-Ins. Specifically, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331; section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

This Court also has supplemental jurisdiction over all state-law claims that could have been asserted by Plaintiffs because the state-law claims derive from a common nucleus of operative fact and form part of the same case or controversy as those claims over which the Court has primary jurisdiction. *See* 28 U.S.C. § 1367 (providing for supplemental jurisdiction over related state-law claims that "form part of the same case or controversy"); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996) (federal courts have supplemental jurisdiction over state law claims that arise from the same "common nucleus of operative fact" such that the parties "would ordinarily be expected to try them all in one judicial proceeding").

This Court also has jurisdiction to approve the Settlement's release of claims by Opt-Ins over which the Court has jurisdiction, even if the Court would not independently have jurisdiction over those released claims. *See Grimes v. Vitalink Communications*, 17 F.3d 1553, 1563 (3d Cir. 1994) (citing *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1287-88 (9th Cir. 1992) ("[A] federal court may release not only claims alleged in the complaint, but also state claims arising from the same nucleus of operative facts over which the court would not have jurisdictional competence."); *Reyn's Pasta Bella, LLC v.*

*Visa USA, Inc.*, 442 F.3d 741, 748 (9th Cir. 2006) (quoting *Class Plaintiffs*, 955 F.2d at 1287-89).

### III.   APPROVAL OF SETTLEMENT

The Court has reviewed the terms of the Settlement, including the $640,000.00 Settlement amount, the plan of allocation, and the release of claims. The Court has also read and considered Plaintiffs' Motion for Collective Action Settlement Approval and its supporting memoranda and evidence, including the declaration of Clifford P. Bendau, II in support of Settlement Approval. Based on review of those papers, and the Court's familiarity with this case, the Court finds and concludes that the Settlement is the result of arms-length negotiations between the Parties, conducted under the supervision of an experienced, independent mediator, after Plaintiffs' Counsel had adequately investigated Plaintiffs' and the Opt-Ins' claims and become familiar with their strengths and weaknesses. The assistance of an experienced mediator in the settlement process confirms that the Settlement is non-collusive.

The Court finds and determines that the payments to be made to the Opt-Ins as provided for in the Settlement are fair and reasonable. The proposed plan of allocation is rationally related to the relative strengths of the respective claims asserted.

The Settlement is not a concession or admission, and shall not be used or construed against GlobalTranz as an admission or indication with respect to any claim of any fault or omission by GlobalTranz.

### IV.   APPROVAL OF THE NOTICE PROGRAM

Plaintiffs have also submitted for this Court's approval a proposed Notice of Settlement (submitted as Exhibit B to Plaintiffs' Notice of Filing Supplemental Documents) (Doc. 85-2 at 2-4).

The Notice is the best notice practicable under the circumstances. The Notice fairly, plainly, accurately, and reasonably informs Opt-Ins of: (1) appropriate information about the nature of this action, the definitions of Covered Position and Covered Periods,

the identity of Plaintiffs' Counsel, and the essential terms of the Settlement, including the plan of allocation; (2) appropriate information about the amounts being allocated to Plaintiffs as Service Payments and to Plaintiffs' Counsel's as attorneys' fees and costs; and (3) appropriate instructions as to how to obtain additional information regarding this action and the Settlement.

The proposed plan for distributing the Notice likewise is a reasonable method calculated to reach all individuals who would be bound by the Settlement. Under this plan, the Settlement Administrator will distribute the Notice and Settlement Share checks to all Opt-Ins by first-class mail to their last known addresses. There is no additional method of distribution that would be reasonably likely to notify Opt-Ins who may not receive notice pursuant to the proposed distribution plan. In addition, the Settlement Administrator will take reasonable steps to locate Opt-Ins who do not promptly cash their Settlement Share checks.

Accordingly, the Court finds and concludes that the proposed plan for distributing the Notice will provide the best notice practicable and satisfies all legal and due process requirements.

## V.   PLAINTIFFS' AND OPT-INS' RELEASE OF CLAIMS

The Court has reviewed the release in section 12 of the Stipulation of Settlement and finds it to be fair, reasonable, and enforceable under the FLSA and all other applicable law.  Plaintiffs and every Opt-In shall, pursuant to the Settlement, be bound by the release of claims as set forth in the Settlement, regardless of whether a Plaintiff or Opt-in cashes or deposits his or her settlement check.

## VI.   APPOINTMENT OF SETTLEMENT ADMINISTRATOR

Optime Administration, LLC, is hereby appointed Settlement Administrator to carry out the duties set forth in this Order of Approval and the Stipulation of Settlement. The Court hereby authorizes Optime Administration, LLC's administration fee to be paid for from the Settlement Amount.

## VII.   SERVICE PAYMENTS TO THE NAMED PLAINTIFFS

The Court approves the service payments to the ten Named Plaintiffs as set forth under the Settlement.  The Court finds and determines that the awards of $20,000, $10,000, and $2,500 to Named Plaintiffs Bush, Beltran, and Germundson, respectively, are fair and reasonable. The Court further finds and determines that the awards of $1,000 each to Named Plaintiffs Andrade, Decker, Gangi, Untalasco, Brown, Yabes, and D'Andelet, respectively, are fair and reasonable. The Court further finds and determines that the awards of $1,000 each to Opt-In Plaintiffs Shoemaker, Garcia, Latto, Maldonado, Boone, Marsh, and Trivedi, respectively, are fair and reasonable.

These Plaintiffs have taken significant actions to protect the interests of the Opt-Ins, and the Opt-Ins have benefited considerably from those actions.  Furthermore, these Plaintiffs have expended considerable time and effort in pursuing the litigation, as enumerated in Plaintiffs' Unopposed Motion for Approval of FLSA Collective Action Settlement. Furthermore, Plaintiffs' Counsel attest that these Named and Opt-In Plaintiffs were substantially involved throughout the litigation, educating Plaintiffs' counsel on Opt-Ins' job duties and GlobalTranz's policies and procedures.  Plaintiffs submitted declarations regarding their GlobalTranz work experiences, which contributed to the Settlement. Plaintiffs' depositions were taken by Defendant. Plaintiffs Bush and Beltran also attended and assisted in the Parties' mediation session.

## VIII.   PLAINTIFFS' COUNSEL'S AWARD OF FEES AND COSTS

The Court finds and determines that the payment of $213,333.33 in attorneys' fees (or 33 1/3% of the fund) and $41,000.66 in litigation costs and expenses, for a total payment of $254,333.99 to Plaintiffs' Counsel, is fair and reasonable.  *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Chemical Bank v. City of Seattle (In re Washington Public Power Supply Sec. Litig.)*, 19 F.3d 1291, 1297 (9th Cir. 1994); *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989); *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).

1    **IX.    ENFORCEMENT OF OBLIGATIONS**

2         Nothing in this Settlement Approval Order will preclude any action to enforce the

3    Parties' obligations under the Settlement or under this order, including the requirement

4    that GlobalTranz make the Settlement Payments in accordance with the terms of the

5    Settlement.

6    **X.    FINAL JUDGMENT**

7         By means of this Settlement Approval Order, this Court hereby enters final

8    judgment in this action, as defined in Federal Rule of Procedure 58(a)(1).

9         The Parties are hereby ordered to comply with the terms of the Settlement.

10        This action is dismissed with prejudice, each side to bear its own costs and

11   attorneys' fees except as provided by the Settlement and the Court's orders.

12   **XI.    CONTINUING JURISDICTION**

13        Without affecting the finality of the Court's judgment in any way, the Court

14   retains jurisdiction over this matter for purposes of resolving issues relating to

15   interpretation, administration, implementation, effectuation and enforcement of the

16   Settlement.

17   **XII.    SETTLEMENT APPROVAL**

18        Based on all of these findings and the applicable legal standards, the Court

19   concludes that the proposed Settlement meets the criteria for settlement approval, and

20   Orders the Parties to distribute the payments required under the Settlement.

21        **IT IS SO ORDERED.**

22        **Dated** this 2nd day of March, 2017.

23

24                                              Honorable Diane J. Humetewa

25                                               United States District Judge

26

27